**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

RECEIVED

2006 MAR 22  A  9: 50

CRESHEVA DAVIS,                  )
                                 )
            Plaintiff,           )
                                 )
                                 )    JURY TRIAL DEMANDED
                                 )
v.                               )    Case Number:
                                 )
REGIONS BANK,                    )    2: 06CV264-DRB
                                 )
            Defendant.           )
                                 )
                                 )

## COMPLAINT

### I. Jurisdiction

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 42

U.S.C.§ 2000e et seq., 42 U.S.C. § 1981, and 29 U.S.C. § 1140.  These statutes provide

for injunctive and other relief as a remedy for race discrimination, gender discrimination,

and discrimination with respect to ERISA benefits.

2.      The Plaintiff has fulfilled all conditions precedent to the institution of this

action.  The Plaintiff timely filed her EEOC charge of discrimination within 180 days of the

last discriminatory act, which was her discharge.  The Plaintiff timely filed her suit within

90 days of her receipt of the Right to Sue letter from the Equal Employment Opportunity

Commission (EEOC).

### II. Parties

3.      Plaintiff Cresheva Davis is a black female citizen of the United States and is

a resident of Montgomery County, Alabama.  She was employed by the Defendant,

Regions Bank, at its Western Branch on the Mobile Highway branch in Montgomery,

Alabama at all times relevant hereto.

4.    Regions Bank is the former employer of the Plaintiff and is subject to suit under 42 U.S.C.§ 2000e et seq.(Title VII), 42 U.S.C. § 1981 and 29 U.S.C.§ 1140 et seq. (ERISA). Regions Bank employs in excess of 500 persons.  Regions Bank is an Alabama corporation transacting banking business at hundreds of bank branches located throughout the Southeastern part of the United States.

## III. RACE DISCRIMINATION AND RETALIATION

5.    Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-4 above as if fully set forth herein.

6.    Prior to August 1, 2005, Plaintiff  was employed by the Defendant for approximately 15 years during which Plaintiff held numerous positions.  At the time of her termination, Plaintiff held the position of Branch Sales Manager at the Defendant's Western branch located on the Mobile Highway in Montgomery, Alabama.  Throughout her career, Plaintiff performed her job duties and responsibilities in an exemplary manner.

7.    On August 1, 2005, Plaintiff received the first and only disciplinary action during her career with the Defendant.  Plaintiff had just returned to work on August 1, 2005, after being off on an approved FMLA leave.  Plaintiff was advised by Regions corporate security that a third party had filed a complaint against her for a breach of the privacy policy at Regions.  Plaintiff was never shown the written complaint.  The plaintiff was required to sign a statement concerning her access to a bank account owned by another Regions employee. Plaintiff acknowledged that she had accessed the account, but denied that she had provided any confidential information to any unauthorized person.  However, plaintiff was told she was being terminated for breaching the Regions' privacy policy.  Plaintiff was

2

told by corporate security that the decision to fire her was being made by Russ Dunman. Regions violated its own progressive disciplinary policy in terminating the Plaintiff. Plaintiff met with Dunman and was told that corporate security made the decision to terminate plaintiff.

8.     Prior to Plaintiff's termination, she had made complaints that the employees at her branch, most of whom are black, felt like Regions Bank was discriminating against them. The branch was rarely visited by the mostly white Regions upper management. Plaintiff's employees felt like they were being discriminated against because they were not made to feel as if they were important to the bank, or even a part of the bank.   Davis conveyed this concern to bank officers prior to her termination.

9.     Plaintiff did not violate any Regions' policy prior to her termination. As branch sales manager, Davis was constantly accessing accounts for legitimate reasons, such as receiving a call from a merchant, a request from the account owner, or from someone who has the pin information for the account.   Davis did not provide any confidential information to anyone who was not entitled to it. White employees have engaged in the same or more serious conduct than Plaintiff engaged in, and have not been disciplined.

10.     Plaintiff's discharge was pretextual, as her bank branch was converted to a drive-thru only branch shortly after her discharge. Other Regions employees were given a severance package or were allowed to bid on jobs at other locations.

11.     Plaintiff alleges that the defendant's articulated reason for her discharge was pretextual and that her race was a motivating factor in the defendant's decision to discharge her. Plaintiff alleges that her job duties were eliminated by the defendant after

3

her discharge.

12.    Defendant discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C.§ 2000e et seq., and in the making and enforcement of her employment contract, pursuant to 42 U.S.C. § 1981. Plaintiff also alleges that the defendant retaliated against her on the basis of her complaints of discrimination on behalf of her employees.

13.    As a proximate result of the aforementioned conduct of the Defendant, Plaintiff Cresheva Davis has suffered embarrassment, humiliation, mental distress, emotional pain, and mental anguish.

14.    The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein. This suit for back-pay (plus interest), front pay in lieu of reinstatement, injunctive relief and a declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injuries from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court. The Defendant engaged in the discriminatory practices complained of herein with malice and/or reckless indifference to the Plaintiff's federally protected rights, thereby entitling the Plaintiff to punitive damages.

## IV. GENDER DISCRIMINATION

15.    Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-14 above as fully set forth herein.

16.    On August 1, 2005, Plaintiff was terminated. At the time of Plaintiff's termination, Plaintiff had worked for the Defendant for approximately 15 years.

17.    Plaintiff alleges that the articulated reason given by Defendant Regions

4

Bank for her termination, i.e. that she was guilty of conduct which violated Regions' privacy policy, is pretextual. Plaintiff further alleges that her gender was a motivating factor in the Defendant's decision to discharge her. Plaintiff claims that male employees have committed similar or more serious offenses which have not resulted in their termination.

18.    Defendant discriminated against Plaintiff on the basis of her gender in violation of 42 U.S.C.§ 2000e et seq. Said statute provides that employers are prohibited from discriminating against employees on the basis of their gender.

19.    The Plaintiff alleges that Defendant Regions Bank engaged in the discriminatory practices complained of herein with malice and/or reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

20.    The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and back-pay, front-pay in lieu of reinstatement, injunctive and declaratory judgment is her only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**V. ERISA     29 U.S.C.§ 1140**

21.    Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-20 above as fully set forth herein.

22.    Plaintiff began her employment with the Defendant approximately 15 years prior to her discharge on August 1, 2005. Plaintiff, as an employee of said Defendant, was vested in the Region's Bank sponsored pension plan. Under the terms of said plan, the Defendant employer was required to make substantial contributions toward a defined benefit pension plan for employees who were hired prior to December 31, 2000.

Recently hired employees of the Defendant Regions Bank are not eligible to receive benefits under this defined benefit contribution pension plan. Recently hired employees are only eligible to receive retirement benefits via a 401(k) plan.

23.    The Plaintiff was a beneficiary under both the defined benefit pension plan and the 401(k) benefit plan. Both were employer sponsored retirement plans.

24.    Plaintiff Cresheva Davis alleges that the Defendant Regions Bank terminated her employment in violation of §510 of the Employment Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. §1140. Plaintiff alleges that her termination was specifically intended to prevent the Plaintiff from receiving additional pension benefits. Plaintiff alleges that the articulated reasons given for her discharge are pretextual. Plaintiff claims that employees who have committed similar or more serious offenses, but who are not eligible to receive retirement benefits under the defined benefit contribution plan, have not been discharged. Plaintiff alleges that the Defendant was motivated by a desire to interfere with Plaintiff's ERISA rights and benefits.

25.    Plaintiff alleges that the Defendant Regions Bank has engaged in an illegal pattern and/or practice of terminating or otherwise eliminating employees who are participants under the defined benefit pension plan.

26.    Plaintiff was advised by her supervisors that she had no rights to appeal her discharge, and/or that any appeal would be futile.


## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial provide appropriate relief as follows:

a)    issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are in violation of (Title VII) 42 U.S.C.§ 2000e et seq., a statute which prohibits employers from discriminating on the basis of race and gender as concerns the Plaintiff's termination and other terms and conditions of her employment.

b)    grant the Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and/or at the Defendant's request from continuing to violate Title VII.

c)    enter an order requiring the Defendant to make the Plaintiff whole by awarding the Plaintiff back-pay, compensatory and punitive damages, and in lieu of reinstatement, front-pay.

d)    issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are in violation of 42 U.S.C. § 1981, a statute which prohibits employers from discriminating on the basis of race or the basis of retaliation as concerns the making and enforcement of Plaintiff's employment contract and specifically her termination.

e)    enter an order requiring the Defendant make Plaintiff whole by awarding the Plaintiff back-pay, liquidated damages, and in lieu of reinstatement, front-pay.

f)    issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are in violation of ERISA 29 U.S.C.§ 1140 et seq., a statute which prohibits employers from discriminating against employees to prevent them from receiving additional pension and/or employment related benefits.

g)    enter an order requiring the Defendant make Plaintiff whole by awarding

7

the Plaintiff back-pay, retirement benefits, and/or in lieu of reinstatement, front-pay, and any other equitable or legal relief to which Plaintiff is entitled.

h)    Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorneys' fees, and expenses incurred in this litigation.

Respectfully submitted,

Jerry D. Roberson (ROB010)
Attorney for Plaintiff

**OF COUNSEL:**
**ROBERSON & ROBERSON**
8 Office Park Circle, Suite 150
Birmingham, AL 35223
(205) 871-1115
(205) 871-5115

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

**Please serve the Defendant by Certified Mail:**

**Regions Bank c/o**
**Charlie Paterson**
**BALCH & BINGHAM LLP**
**100 Tallapoosa Street**
**Montgomery, Alabama 36101**