IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CRESHEVA DAVIS**, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **REGIONS BANK,** ) <br> ) <br> Defendant. ) <br> ) | **Case No.** <br> **2:06cv264-DRB** |

## ANSWER

Comes now Regions Bank ("Regions") the Defendant in the above-styled cause and for answer to the Complaint of Plaintiff Cresheva Davis ("Davis") states as follows:

1. Regions admits that Davis seeks to invoke the court's jurisdiction pursuant to the federal statutes referred to in paragraph 1 of the Complaint, but denies that it violated Davis' rights under any of those statutes. Regions admits that some or all of the federal statutes referred to in paragraph 1 of the Complaint may provide for injunctive and other relief but denies that Davis is entitled to any such relief.

2. Regions admits that Davis filed her EEOC charge of discrimination within 180 days of the date of her discharge and that this lawsuit was filed within 90 days following conclusion of the EEOC handling of the matter. Regions denies the remaining allegations contained in paragraph 2 of the Complaint.

3. With respect to the allegations contained in paragraph 3 of the Complaint, Regions admits that Davis is a black female citizen of the United States but is without knowledge

or information sufficient to form a belief as to Davis' residency. Regions admits that Davis was last employed by Regions at its Western branch in Montgomery, Alabama.

4. Regions admits that it formerly employed Davis, but denies that it discriminated against Davis in any manner and that it is subject to suit under the statutes referred to in paragraph 4 of the Complaint. Regions admits that it has more than 500 employees, it is incorporated under the laws of Alabama and maintains branch banks in Alabama.

5. In response to paragraph 5 of the Plaintiff's Complaint, Regions realleges all prior paragraphs of this Answer.

6. Regions admits that Davis has been employed by Regions since 1990 and has held numerous job positions, including Branch Sales Manager at the Regions Western branch in Montgomery, Alabama. Regions denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Regions admits that in August 2005, Davis received disciplinary action in the form of termination for violation of company policy. Regions denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Regions denies the allegations contained in paragraph 8 of the Complaint.

9. Regions denies the allegations contained in paragraph 9 of the Complaint.

10. Regions denies the allegations contained in paragraph 10 of the Complaint.

11. Regions denies the allegations contained in paragraph 11 of the Complaint.

12. Regions denies the allegations contained in paragraph 12 of the Complaint.

13.     Regions denies the allegations contained in paragraph 13 of the Complaint.

14.     Regions denies the allegations contained in paragraph 14 of the Complaint.

15.     In response to paragraph 15 of the Complaint, Regions realleges all prior paragraphs of this Answer.

16.     Regions admits that Davis was employed by Regions from 1990 to August 1, 2005.

17.     Regions denies the allegations contained in paragraph 17 of the Complaint.

18.     Regions denies that Plaintiff was discriminated against on the basis of her gender in violation of 42 U.S.C. § 2000e *et seq.*, but admits such statute prohibits discrimination on the basis of an employee's gender.

19.     Regions denies the allegations contained in paragraph 19 of the Complaint.

20.     Regions denies the allegations contained in paragraph 20 of the Complaint.

21.     In response to paragraph 21 of the Complaint, Regions realleges all prior paragraphs of this Asnwer.

22.     Regions admits that Davis was employed at Regions from 1990 to August 1, 2005. Regions denies the remaining allegations contained in paragraph 22 of the Complaint.

23.     Regions admits that Davis was a participant in the Regions Financial Corporation Retirement Plan and the company 401(k) Plan.

24.     Regions denies the allegations contained in paragraph 24 of the Complaint.

25. Regions denies the allegations contained in paragraph 25 of the Complaint.

26. Regions denies the allegations contained in paragraph 26 of the Complaint.

### First Afirmative Defense

Regions denies that it is liable to Davis in any respect and denies that Davis is entitled to any of the relief requested in her Prayer for Relief contained in paragraph VI of the Complaint.

### Second Afirmative Defense

Regions undertook all of the decisions and/or actions challenged by Davis as discriminatory for legitimate nondiscriminatory, non-retaliatory, non-pretextual reasons.

### Third Afirmative Defense

In the alternative to the preceding affirmative defense, Regions would have undertaken all of the decisions and/or actions challenged as discriminatory in Davis' Complaint even had Davis not had the protective status alleged.

### Fourth Afirmative Defense

Davis' race, gender or pension status has never been a factor or a determinative influence on any employment decision made by Regions.

### Fifth Afirmative Defense

The equitable or declaratory relief sought by Davis is barred by the doctrines of laches, estoppel, or unclean hands.

### Sixth Afirmative Defense

Regions diligently and continuously exercises reasonable care to prevent and correct promptly any charge of discriminatory behavior in the workplace, including but not limited to, having a well-established equal employment opportunity policy, having a well-established complaint procedure, and providing complainants with several avenues of redress. Davis

unreasonably failed to take advantage of the preventive and corrective measures provided by Regions, including, but not limited to, her failure to file a complaint of discrimination and/or to otherwise notify management of any alleged discriminatory behavior.

### Seventh Afirmative Defense

Regions took all of its actions with respect to Davis in good faith.

### Eighth Afirmative Defense

The amount of any compensatory or punitive damages award that Davis seeks to recover from Regions is subject to the applicable damages caps.

### Ninth Afirmative Defense

Davis' ERISA claim must fail as a matter of law because Davis' alleged loss of rights under the plan in question was a mere consequence, as opposed to a motivating factor, behind Regions terminating her employment.

### Tenth Afirmative Defense

Davis lacks standing to bring an ERISA claim against Regions.

### Eleventh Afirmative Defense

Davis has no statutory or constitutional right to a trial by jury of her ERISA claim.

### Twelfth Afirmative Defense

Regions did not interfere with Davis' protected rights in violation of ERISA because it terminated Davis' employment for a legitimate business reason.

**Thirteenth Afirmative Defense**

The punitive damages sought by Davis are unconstitutional under the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Davis' claims for punitive damages are barred further because the acts and omissions, if any, of Regions which are specifically denied, fail to rise to the level required to sustain an award of punitive damages; were not motivated by evil intent or discriminatory intent or intent to harm; do not evidence a malicious, known, oppressive or fraudulent intent to deny Davis her protected rights or to harass or otherwise discriminate against Davis; and are not so wanton or willful as to support an award of punitive damages.

**Fourteenth Afirmative Defense**

Any claims for punitive damages by Davis cannot be sustained because any award of such damages by a jury that [1] is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a damage award, [2] is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, [3] is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and [4] is not subject to judicial review on the basis of objective standards, would violate Regions' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Alabama Constitutional Provisions providing for due process, equal protection and guarantee against double jeopardy.

## **Fifteenth Afirmative Defense**

Any claims for punitive damages by Davis cannot be sustained because any award of such damages without proof of every element beyond a reasonable doubt would violate Regions' due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

Respectfully submitted this 17th day of April, 2006.

/s/ Charles B. Paterson
Charles B. Paterson  Bar No.:  ASB-1542-R73C
Kelly F. Pate  Bar No:  ASB-5289-L63F
Attorneys for Defendant, Regions Bank
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (866) 736-3857
E-mail: cpaterson@balch.com
E-mail:  kpate@balch.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically and I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this the 17th day of April, 2006:

    Jerry Roberson, Esquire
    Roberson & Roberson
    Suite 150
    8 Office Park Circle
    Birmingham, Alabama 35223

        Respectfully submitted,

        /s/  Charles B. Paterson
        Charles B. Paterson  Bar No.:  ASB-1542-R73C
        Kelly F. Pate  Bar No:  ASB-5289-L63F
        Attorneys for Defendant, Regions Bank
        BALCH & BINGHAM LLP
        105 Tallapoosa Street, Suite 200
        Montgomery, AL 36104-2549
        Telephone: (334) 834-6500
        Facsimile: (866) 736-3857
        E-mail: cpaterson@balch.com
        E-mail:  kpate@balch.com