IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CRESHEVA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: |
| | ) 2:04-CV-1161-F |
| REGIONS BANK, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO COMPEL

COMES NOW the Plaintiff, Cresheva Davis, and pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, moves this Court for an order requiring the Defendant to answer the Plaintiff's discovery. As grounds for said motion, Plaintiff would show unto this Court as follows:

1. This is a race discrimination, gender discrimination and ERISA case.

2. The Plaintiff alleges that Regions has changed its business practices so that retail lending decisions are made centrally. After this change, Regions no longer needed experienced retail lenders to make credit decisions.

3. The Plaintiff alleges the Defendant fired her for pretextual reasons.

4. Plaintiff has served discovery on the Defendant. The Defendant has objected to certain discovery requests. The Plaintiff has written a letter and has attempted to resolve the discovery dispute informally, but the parties are unable to reach an agreement.

5. The disputed discovery items are listed below, along with the Defendant's response in bold and the Plaintiff's explanation of why she is entitled to the discovery.

.   **Plaintiff's Interrogatories and Defendant's Responses**

Interrogatory # 5.   Identify all bank officers, who have, since January 1, 2000, left the employ of Regions Bank, who prior to separation, worked at any Southeast Alabama Regions Bank branch.  For each said person, provide their name, address, title or job description, date of separation, reason for separation, or date of birth, and last known telephone number.

**Response:   Regions Bank objects to this interrogatory as being over broad, unduly burdensome and improperly seeking information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Regions responds that it is not aware of any officers described above that committed the same policy violations as the Plaintiff.**

This case involves the discharge of Cresheva Davis, a Regions bank officer, branch manager and retail lender.  Plaintiff alleges that because of Regions' policy which requires that all retail loans be made through a centralized lending process, it no longer needs experienced retail lenders who make credit decisions.  Plaintiff is attempting to show the extensive turnover of persons in these positions.  Plaintiff also will obtain the identity of numerous potential witnesses.

Interrogatory # 6.  Identify all bank officers, who have, since January 1, 2000, been hired as a bank officer or promoted to a bank officer by Regions Bank in the Southeast Alabama region.  For each said person, provide their name, address, job classification or bank title, date of hire or promotion, and date of birth.

**Response:   Regions Bank objects to this interrogatory as being over broad, unduly burdensome and improperly seeking information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiff is trying to show that Regions has, since implementing this new policy, hired numerous inexperienced people who are not covered by the pension plan (anyone hired

after 12/31/2000), who have only limited banking experience and no lending experience, and placed them in positions where they are now responsible for retail loans.

Interrogatory #10.   Indicate how many employees were covered by and how much Regions Bank contributed in each of the listed years to the defined benefit pension plan for Alabama employees:

| Year | # of Employees Covered | $ Contributed By Regions |
|---|---|---|
| 2000 | | |
| 2001 | | |
| 2002 | | |
| 2003 | | |
| 2004 | | |
| 2005 | | |

**Response:  Regions Bank objects to this interrogatory as being over broad, unduly burdensome and improperly seek information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Without waving said objections, Regions Bank agrees to furnish any information that would normally be available to the Plaintiff as a plan participant.**

This is an ERISA case.  Ms. Davis is trying to show that Regions has engaged in a systematic reduction in its employees who are covered by the pension plan.  Plaintiff is entitled to show the reduction in the numbers of employee and the amount of the contribution made by Regions, demonstrating their financial incentive for making reductions in their employee headcount.  This information is neither burdensome nor irrelevant.

Interrogatory # 14.   Identify every person who has filed an EEOC charge or lawsuit alleging race or gender discrimination against this defendant since January 1, 2000, providing the name and address of the plaintiff; the name and address of counsel if represented; style of lawsuit and jurisdiction in which it was filed; and whether said charge

or suit has been resolved or is still pending.

>    **Response:   Regions Bank objects to this interrogatory as being over broad, unduly burdensome and improperly seek information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.**

This is a race and gender discrimination lawsuit. Plaintiff has requested other EEOC charges or lawsuits alleging race or gender discrimination. Plaintiff has agreed that Regions may limit their response to claims within the Southeastern Alabama banking group (Plaintiff's region) for the last five (5) years. *See Williams v. Asplundh Tree Expert Co.*, 206 U.S. Dist. LEXIS 44995 (M.D. Fla. 2006).

Interrogatory #18.   State the projected total of the amount of monthly pension benefits the Plaintiff Cresheva Davis would have received had she worked until the age of 65.

>    **Response:   Unknown.**

The Plaintiff is only requesting that the Defendant provide the information regarding what Plaintiff would have received had she continued to work for the Defendant until age 65. The Defendant limit its response to any assumption necessary, such as she continued to earn her present salary until age 65, etc. However, the Plaintiff is entitled to a response to know what she has lost from having lost her pension.

Interrogatory #20.   Identify by name, job title, date, all persons who accessed the any account held by Thelma Renee McDaniel during the years 2003 and 2004, providing the date the account was accessed and the business reason for accessing the account.

>    **Response:   Unknown.**

Plaintiff was fired for accessing the account of Thelma Renee McDaniel. Plaintiff is merely asking for other persons, including their job title and their date of access, who accessed the same account.

**Request for Production of Documents:**

Request # 1. An organizational chart which lists all bank officers for the Southeast Alabama Regions Bank Branches as they existed on the following dates:

    a.    January 1, 2002
    b.    January 1, 2003
    c.    January 1, 2004
    d.    January 1, 2005

**Response:** **Regions Bank objects to this interrogatory as being over broad, unduly burdensome and improperly seek information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.**

An organizational chart will show the extensive turnover at Regions Bank of bank officers who make retail loans. This will show that Regions' explanation for the extensive turnover in retail lenders is not believable. This will also help demonstrate that the articulated reason for Ms. Davis' discharge was pretextual. Additionally, this will identify potential witnesses. Regions' H.R. Representatives have testified that they have software that can provide this information at the push of a button.

Request # 2. The complete personnel file for each of the below named or described individuals.

    a.    Cresheva Davis

    b.    all branch sales managers who are no longer working with Regions Bank since January 1, 2000.

    c.    all retail loan officers who have left Alabama Regions Bank since January 1, 2000.

    d.    The personnel file of Thelma Renee McDaniel

    e.    The personnel file of Judy Chumley

    f.    The personnel file of all Alabama Regions Bank officers or employees who have been disciplined, reprimanded, suspended, or discharged for breach of any Regions' privacy policy or confidentiality policy since January 1, 2000.

    g.    The personnel file of all Alabama Regions Bank officers employees who have been disciplined for any similar misconduct alleged to have been engaged in by the Plaintiff Cresheva Davis since January 1, 2000.

**Response:** **Regions Bank will produce the complete personnel file for the Plaintiff Cresheva Davis. Regions Bank objects to the production of personnel files of the other individuals referenced in request for production #2. Without waiving these objections, Regions Bank states that it will produce a copy of the pertinent portions of the personnel file of Kari Ann Hermsen who was disciplined for misconduct similar to that of the Plaintiff in 2005.**

Ms. Davis was a branch sales manager. Plaintiff would like to show that other branch sales managers and retail loan officers have left Regions since January 1, 2000. Plaintiff has requested Ms. McDaniel's file and Ms. Chumley's file because those were the two persons who complained regarding the Plaintiff. Plaintiff has information that these ladies may have violated Regions' policy. Plaintiff is requesting to see their files to see if they have ever been disciplined. Plaintiff is merely asking for everyone who has been disciplined for the breach of Regions' privacy policy since January 1, 2000. Regions must provide this evidence to support its discharge of Ms. Davis under these circumstances. Plaintiff would

like to compare herself to other people who have engaged in the same conduct. If other people were only suspended or reprimanded, Plaintiff can show that she was treated more harshly.

Request # 8. Personnel files of all bank officers, retail lenders and branch sales managers with Regions Bank in the Southeast Alabama Bank group who have left the employment of Regions Bank, voluntarily or involuntarily, since January 1, 2000.

**Response:** **Regions Bank objects to this request for production as it is over broad, unduly burdensome and improperly seeks information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.**

Regions has adopted a new policy where all retail loans are centralized. They have replaced numerous bank officers. Plaintiff needs their files to locate and obtain other potential witnesses against Regions Bank.

Request # 9. All documents which relate to loan production goals, net charge off goals, long term staffing goals, or profitability goals for the Southeast Alabama Regions Bank Branches for years 2000 to present.

**Response:** **Regions Bank objects to this request for production as it is over broad, unduly burdensome and improperly seek information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.**

Two months after Ms. Davis was discharged, her branch was downgraded to a drive-through only bank. They are no longer making retail loans at that branch. Regions has not replaced Ms. Davis as branch manager. Plaintiff seeks to show that the branch was successful by every measure Regions utilizes. Plaintiff needs this information to show that the closing is pretextual.

Request # 10.  All documents which relate to the decision to close the Plaintiff's bank branch and make it into a drive-thru only branch.

> **Response:** **Regions Bank objects to this request for production as it is over broad, unduly burdensome and improperly seek information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.**

See # 9.  Plaintiff also seeks to show the improvement in the branch since she was made branch manager.

Request # 11.  All documents which relate to the financial performance of the Regions Bank branch where Cresheva Davis was employed as a branch sales manager for the years 2002, 2003 and 2004, and all branches in the Southeast Alabama Regions Bank Group.

> **Response**:  **Regions Bank objects to this request for production as it is over broad, unduly burdensome and improperly seek information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.**

See # 9 and # 10.

Request # 12.   All documents which demonstrate every person who accessed the business account of Adam Goods or any account of Thelma Renee McDaniel during the calendar year 2004 and 2005.

> **Response:** **Regions Bank objects to this request for production as it is over broad, unduly burdensome and improperly seek information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, Regions Bank states that it will provide a copy of the documents relating to the investigation of the Plaintiff's actions.**

Every person who accessed the account of Adam Goods or Thelma Renee McDaniel is guilty of the same conduct for which Regions discharged Ms. Davis.  If they were not discharged, this shows Ms. Davis was treated unduly harshly.

Request # 14. Bank statements for the business account of Adam Goods.

**Regions:** **Regions Bank objects to this request for production as it is over broad, unduly burdensome and improperly seek information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence and it unduly invades the right to privacy of a bank customer.**

Plaintiff has signed a confidentiality order in this case. Regions objects to voluntarily providing the account information and needs a court order directing them to provide this information.

Adam Goods, a customer of Regions Bank, allegedly transferred money to the account of Thelma Renee McDaniel, a Regions employee, with whom she was having an illicit affair. Ms. McDaniel was not disciplined.

Request # 15. Bank statements on all the Regions Bank accounts of Renee McDaniel for the time period of 1/01/05 - 8/01/05.

**Response:** **Regions Bank objects to this request for production as it is over broad, unduly burdensome and improperly seek information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence and it unduly invades the right to privacy of a bank customer.**

Ms. McDaniel allegedly received cash and had deposits made into her account by Adams Goods. Plaintiff would like to know the identities of the tellers and bank officers who received the deposits and would know of them. It may well be that other people breached the confidentiality of Ms. McDaniel concerning these improper transfers and her illicit affair.

Request # 16. List all complaints made by customers and employees of Regions Bank alleging conduct which violated Regions' privacy policy, describing date, nature of complaint, complaining party, and action taken by Regions regarding said complaint.

**Response**:   **Regions Bank objects to this request for production as it is over broad, unduly burdensome and improperly seek information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Regions will produce the documents related to the investigation of the Plaintiff's actions and documents related to the actions of Kari Ann Hermsen.**

From the way this response is worded, plaintiff is not certain that the only person other than Cresheva Davis who had a complaint made that she violated the privacy policy was Kari Ann Hermsen.  Plaintiff is entitled to every complaint alleging the privacy policy was violated, to see how Regions investigated the complaint and what discipline was initiated.

Plaintiff requests oral argument of this motion.  Both counsel have agreed to hear the motion via telephone conference call, at the earliest possible convenient date.

WHEREFORE, premises considered, Plaintiff requests this Court enter an order setting this motion for hearing by teleconference and compelling the Defendant to respond to the said discovery within ten (10) days of the hearing.

                        Respectfully submitted,

                          s/Jerry Roberson
                        Jerry Roberson (ROB010)
                        Attorney for Plaintiff

OF COUNSEL:
ROBERSON & ROBERSON
8 Office Park Circle, Suite 150
Birmingham, Al 35223
Telephone:   (205) 871-1115
Facsimile:     (205) 871-5115

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles B. Paterson, Esquire
Leslie E. Williams, Esquire
BALCH & BINGHAM  LLP
Post Office Box 78
Montgomery, Al. 36101-0078


                                    s/Jerry Roberson
                                    OF COUNSEL