**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **CRESHEVA DAVIS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **2:06-CV-264-MHT** |
| | ) | |
| | ) | |
| **REGIONS BANK,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Comes now, Regions Bank the Defendant in the above-styled cause and for response to Plaintiff's Motion to Compel Discovery states that Plaintiff's Motion should be denied in its entirety and as grounds therefor shows the Court as follows:

1. As background relevant to Plaintiff's Motion, this action arises from Plaintiff's termination from Regions for violating company policy relating to the privacy of customer bank accounts. After Regions received a complaint that Plaintiff improperly accessed a customer's bank account without a business reason for doing so, Regions investigated the complaint and concluded, after interviewing Plaintiff, that she had, in fact, violated Regions' privacy policy by improperly accessing certain accounts.

2. Defendant initially responded to Plaintiff's Interrogatories and Request for Production on June 2, 2006. Regions objected to Interrogatory numbers, 5, 6, 10, 14, 18 and 20. Regions objected to Request for Production numbers 1, 2, 8, 9, 10, 11, 12, 14 and 15. Defendant's specific response to each particular discovery request is set forth in Defendant's initial response. This filing is intended to supplement this initial response. Counsel for Defendant has spoken with and corresponded numerous times with Plaintiff's counsel regarding objections to certain requests in an attempt to resolve the discovery dispute. Although the parties

170129.1

are cooperative regarding discovery, they can not agree regarding the scope of permitted discovery.

3.     Plaintiff's Interrogatories and Request for Production seek discovery of information not in any way relevant to the facts and circumstances regarding the termination of Plaintiff or other similarly situated individuals also terminated for the same policy violations.

4.     In Interrogatory number 5, Plaintiff seeks the identity and contact information of all bank officers working in the Montgomery, Clanton, Auburn, Troy, and Selma areas (Southeast Alabama region) who have left Regions' employ in the last six years.  In addition, in Interrogatory number 6, Plaintiff requests the identity of all persons hired as bank officers in the Southeast Alabama region in the last six years.   Information regarding bank officers who have left Regions or who have been hired over the last six years is not relevant to this litigation; such information plainly has no bearing on the specific reasons for which Plaintiff was discharged. Plaintiff's employment was terminated because she violated Regions' policy and she has been provided with the name of the only other employee in the Southeast Alabama region disciplined for similar misconduct.

5.     In Interrogatory number 10, Plaintiff requests information regarding the pension benefits contributed by Regions to its pension plans over the last six years; specifically, she requested the number of employee participants and the amount of contribution made for each year, indicating Plaintiff's belief that these numbers are somehow linked.   There are no individual contributions made for any specific employee.  Regions' contributions to the plan are solely governed by the financial performance of the plan assets, the actuarial assessments of the plan's overall obligations, and not the number of individuals participating in the plan.  As a publicly traded company, Regions' financial information is equally accessible to Plaintiff.  In

addition, Regions' employees who are plan participants, such as Plaintiff, receive specific information regarding the plan and their benefits as required by law.

6.    In Interrogatory number 14, Plaintiff requests the names of all employees who have filed an EEOC complaint or lawsuits alleging race or gender discrimination against Regions in the last six years.  Plaintiff requests minute details regarding each such suit or charge, including the outcome of those actions.  This request is overly broad and not calculated to lead to the discovery of admissible evidence.  *See  McBride v. Rivers*, No. 05-13328, 2006 U.S. App. LEXIS 6203 (11th Cir. March 24, 2006) (affirming district court's denial of pro se plaintiff's motion to compel discovery of other comparable complaints received over a two-year time period where defendant argued request was burdensome).  None of the EEOC complaints or lawsuits filed against Defendant relate to the issues involved in the present litigation, and compliance with this request would be burdensome and unlikely to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(2)(iii).

7.    In Interrogatory number 18, Plaintiff requests a projection of the pension benefits Plaintiff would have received if she had continued to work for Regions until age sixty-five. Defendant has made no such projections and possesses no information related to what Plaintiff's benefits might have been had she remained employed at Regions until retirement age and had Regions continued the plan throughout the term of her employment.

8.    In Interrogatory number 20 and Request for Production number 12, Plaintiff has requested the identity of all persons who accessed any account of Thelma Renee McDaniel in 2003-2004, a listing of all persons who have accessed any account of Adam Goods and the records related thereto.  Plaintiff was discharged after the company investigated a complaint that she improperly accessed Ms. McDaniel's account without a business reason to do so.  Regions has produced documents confirming that Plaintiff's user identification number was used to

access both the accounts of McDaniel and Goods. The Plaintiff admitted during the course of Regions' investigation that she had no business purpose to access either account. No other information regarding access to Ms. McDaniel's account or Mr. Goods' account are pertinent to Regions' investigation of the Plaintiff's termination. The information sought by the Plaintiff relates to the personal banking records of customers which are not relevant to this litigation and such privacy should be protected from such discovery. The legal precedent set forth in paragraph 12 is applicable to and bars this request.

9.    In Plaintiff's Request for Production number 1, the Plaintiff seeks the organizational charts of all of Southeast Alabama region branches in January 2002, 2003, 2004, and 2005. The documents that Plaintiff seeks have no relevance to any of the issues germane to the litigation. The disciplinary action taken with regard to Plaintiff has no connection with how branch banks have been structured since 2000. The discovery of organizational charts is not calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Regions does not routinely maintain records of such organizational charts for individual branches as any organizational charts are contemporaneous in nature and change as a result of employee turnover.

10.    In Request for Production numbers 2 and 8, Plaintiff seeks to discover the personnel files of all bank officers, branch sales managers, and retail loan officers who are no longer working for Regions as well as the personnel files of Ms. Thelma McDaniel and Ms. Judy Chumley. Defendant provided Plaintiff with the relevant documents from the personnel file of Kari Ann Hermsen, who was the only other employee disciplined for a privacy policy offense similar to that for which Plaintiff was discharged. The other numerous personnel files Plaintiff requests are simply not relevant to her claims. Although the Court has issued a protective order making all documents produced confidential, Defendant has a strong interest in protecting

sensitive information regarding its current and former employees.  The Court should deny Plaintiff's Motion, because there is a strong public policy against the discovery of personnel files.  *Coker v. Duke & Co.* 177 F.R.D. 682 (M.D. Ala. 1998).  The discovery of personnel files should only be allowed when the material sought is clearly relevant and when the plaintiff is not able to obtain that same information through other means.  *Id*. at 685.  Plaintiff is unable to show that all of the files she requested meet this heightened standard of relevance.  Plaintiff remains able to depose anyone she believes has information regarding additional comparators, including those within Regions' human resource department.  To date, Plaintiff has not noticed a deposition of any party or witness.  Plaintiff must come forward with a showing of specific relevance as to why she is entitled to particular personnel files.  Without that showing there is no entitlement to such broad information.  *Id*. at 685-686.  Plaintiff cannot show that production of a complete list of employees no longer employed with Regions is calculated to lead to admissible information.  *See* Fed. R. Civ. P. 26(b)(1).

11.    In Request for Production numbers 9, 10 and 11, Plaintiff requests documents relating to loan production goals, net charge off goals, or profitability goals for the Southeast Alabama region branches for the last six years; documents related to the decision to make the branch bank where Plaintiff last worked a drive-through only branch; and, documents related to the performance of that branch for 2002-2004.  The requested documents are not relevant to the issues of this litigation.  Plaintiff was discharged for violation of Regions' privacy policy, and productivity projections for all the branches in the region, including the branch where Plaintiff was employed were not a consideration in Regions' decision to terminate Plaintiff.  In fact, the decision to limit the branch's operations to drive-through-only was made more than 4 months after Plaintiff was discharged.  Plaintiff's efforts to obtain financial information for branch banks

where Plaintiff never worked is certainly not calculated to lead to the discovery of admissible evidence and should be rejected.

12.    In Request for Production numbers 14 and 15, Plaintiff has requested production of bank statements regarding the accounts of Thelma McDaniel and Adam Goods.  Pursuant to Federal law and the laws of the State of Alabama, depositors' bank statements are confidential and cannot be released without compulsion of law or customer authorization.  15 U.S.C. § 6802 (2005); *see also* Ala. Code § 5-5A-43 (1975).  Furthermore, "the records of depositors at banks such as Regions are not open to general inspection.  It is now well settled that absent compulsion by law, a bank may not make any disclosures concerning a depositor's account without the express or implied consent of the depositor."  *White v. Regions Bank*, 729 So. 2d 856, 858 (Ala. Civ. App. 1998) (internal quotations omitted).  Defendant and its customers have an interest in the privacy of the accounts and disclosure of such records is inappropriate.  Moreover, the content of these accounts is not relevant to any of the claims or defenses of either party, and thus is outside the scope of discovery.  *See* Fed. R. Civ. P. 26(b)(1).

WHEREFORE, premises considered, Defendant requests this Court to deny Plaintiff's Motion to Compel Discovery.

Respectfully submitted this the 25th day of July, 2006.

/s/ Charles B. Paterson
Charles B. Paterson  Bar No.:  ASB-1542-R73C
Kelly F. Pate  Bar No:  ASB-5289-L63F
Attorneys for Defendant, Regions Bank
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (866) 736-3857
E-mail: cpaterson@balch.com
E-mail:  kpate@balch.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 25th day of July, 2006:

>Jerry Roberson, Esquire
>Roberson & Roberson
>Suite 150
>8 Office Park Circle
>Birmingham, Alabama 35223

In addition, I hereby certify that I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this the 25th day of July, 2006.

/s/ Charles B. Paterson
Of Counsel

170129.1

7