IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CRESHEVA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: |
| | ) 2:06-cv-264-MHT |
| REGIONS BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**OBJECTIONS TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

COMES NOW Cresheva Davis, Plaintiff in the above-styled cause, and in support of her Motion to Compel Discovery states as follows:

In Interrogatory No. 5, Plaintiff will agree to limit the identity and contact information she is seeking to the employees of the Southeast Alabama region where Plaintiff worked, and to have the Defendant identify all persons hired in the position similar to that of the Plaintiff, that is a person making retail loans, no matter what their employment classification. Regions has made changes in its nomenclature for the persons who make retail loans. Plaintiff will agree to limit her request to only those individuals who have left Regions Bank since the year 2000, who made retail loans.

Interrogatory No. 10, Plaintiff is only requesting information which is available to Regions. Specifically, she is requesting the number of participants in the Defined Benefit Pension Plan each year. Plaintiff would expect to show that the number of participants has decreased substantially each year and that this is a result of an intentional and well defined plan.

The other request is for the amount of the annual contribution made by Regions Bank. That amount should be available to Regions' counsel.

In Interrogatory No. 14, Plaintiff requests the names of employees who have filed EEOC complaints or lawsuits alleging race or gender discrimination against Regions. Plaintiff has agreed that this is only Alabama Plaintiffs. Plaintiff requests information about others who have complained of the same type of discrimination that she alleges. Plaintiff has alleged a pattern and practice of discrimination by Regions. It would seem she would be compelled to show that other people had been discriminated against. The case cited by the Defendant, *McBride v. Rivers*, is not applicable. That involved a §1983 lawsuit alleging excessive force.

In Interrogatory No. 18, the Plaintiff is requesting information about the amount of pension benefits she would have received upon retirement at age 65. Does Regions contend that it cannot provide this information? Just as the social security office can give you a projection of what you will receive, so can Regions.

In Interrogatory No. 18 and Request for Production No. 12, Plaintiff is asking for comparator information. Plaintiff was fired for accessing the account of Thelma Renee McDaniel. Plaintiff is simply asking for the names of other people who have engaged in the same conduct she is alleged to have done. If Regions did not investigate other people who engaged in the same conduct, they have treated Ms. Davis differently than other employees. Plaintiff is entitled to this information, and the information regarding people who accessed the account of Adams Goods.

Ms. Davis was interviewed months after she accessed the accounts. She could not tell them the reason why she accessed them. She never stated that she had no business reason for accessing them. She simply could not recall what the business reason was.

This is an egregious misstatement by defense counsel.

In Plaintiff's Request for Production No. 1, she requests organizational charts which will show the extensive turnover in the positions which made retail loans. That is the reason for her request. It also will lead to the discovery of admissible evidence, as it will identify persons who Plaintiff's counsel may contact to learn why they no longer work for Regions.

Plaintiff seeks in Request for Production No. 2 and No. 8 to discover the personnel files of former Regions Banking Officers who made retail loans. If the Defendant fired someone, who was a retail lender, the only documents Plaintiff seeks are the disciplinary documents relating to their termination. Plaintiff's counsel does not request any other documents. However, the issue of discipline of other retail lenders is at issue. Likewise, if only the names and contact information are provided, then those persons can sign a release stating that they do not object to the release of confidential information contained in their file. Perhaps that would be a satisfactory compromise regarding this issue.

In a prior litigation, the Plaintiff took the depositions of witnesses by subpoena. However, Plaintiff did not have access to the individuals' personnel files, although counsel for Regions did. Thus, counsel for Plaintiff has no way to show that the discipline for the other individuals may have been pretextual in nature.

In Request for Production No. 9, No. 10 and No. 11, Plaintiff requests documentation relating to loan production goals, net charge off goals or profitability goals for the Southeast Alabama Regions for the last six years, documents related to the decision to make the branch bank where Plaintiff last worked a drive through only branch, and documents related to the performance of that branch for the years when Davis was manager.

Plaintiff is only attempting to seek information to demonstrate that the decision to reduce services offered at the branch was not made for economic reasons. The branch was an improving branch, and had been improving under the leadership of Davis. Plaintiff should be allowed to discover evidence that shows she was doing her job in an exemplary fashion. Plaintiff is only seeking the documents for the branch where she was employed. Plaintiff assumes that the goals or targets would be the same for all branches.

Plaintiff is requesting the bank statements of Thelma McDaniel and Adam Goods in Request for Production No. 14 and No. 15. The statements will be subject to the protective order entered in this case. They will remain confidential. They certainly are relevant to the claims in this case. If Goods was making deposits into McDaniel's account, hiding or transferring assets subject to division in his divorce proceeding with his wife, and he was having an improper or an illicit affair with McDaniel, both he and she are engaging in criminal misconduct. The fact that McDaniel was never disciplined for such would seem to be relevant to the issue of whether Davis was properly disciplined. Additionally, every Regions Bank employee person who received a deposit from Goods into McDaniel's account, would know of an improper and unusual transaction. They could potentially be the source of any breach in the privacy policy that McDaniel was the subject of. One can well imagine how such gossip might be spread at Regions Bank where McDaniel worked.

Plaintiff agrees with the general statement that such bank statements are confidential. However, they can be made material by the specific facts involving a case. Tax returns are normally confidential. But Regions has requested them of the Plaintiff. They are entitled to them. And so is Davis entitled to these bank statements.

WHEREFORE, premises considered, the Plaintiff requests this Court enter an order compelling the Defendant to respond to the Plaintiff's discovery.

Respectfully submitted,

s/Jerry Roberson
Jerry Roberson (ROB010)
Attorney for Plaintiff

OF COUNSEL:
ROBERSON & ROBERSON
8 Office Park Circle, Suite 150
Birmingham, Al 35223
Telephone:   (205) 871-1115
Facsimile:    (205) 871-5115

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 25th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles B. Paterson, Esquire
Leslie E. Williams, Esquire
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, Al. 36101-0078

                s/Jerry Roberson
                OF COUNSEL