IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CRESHEVA DAVIS, | ) | |
| *Plaintiff,* | ) | |
| | ) | 2:06-CV-00264-MHT |
| v. | ) | wo |
| | ) | |
| REGIONS BANK, | ) | |
| *Defendant.* | ) | |

### ORDER ON MOTION

After due consideration of supporting and opposing submissions on Plaintiff's *Motion to Compel* (Doc. 12, July 20, 2006),[1] informed by the Complaint in this employment discrimination action,[2] it is **ORDERED** that the Motion is granted in part and denied in part as follows:

**A.**  **Objections to INTERROGATORY NOS. 5,6,10,14,18, and 20**

1. Interrogatory No. 5

   Identify all bank officers, who have, since January 1, 2000, left the employ of Regions Bank, who prior to separation, worked at any Southeast Alabama Regions Bank branch. For each said person, provide their name, address, title or job description, date of separation, reason for separation, or date of birth, and last known telephone number.

---

[1] Plaintiff's *Motion*, specifying the disputed discovery and Defendant's specified objections; *Defendant's Response* (Doc.14, July 25, 2006) and *Plaintiff's Response* to Defendant's Objections (Doc. 15, July 25, 2006).

[2] Plaintiff, a Black female, alleges the discriminatory termination of her employment by Defendant Regions Bank as a Branch Sales Manager at its Western Branch on the Mobile Highway branch in Montgomery (Compl.,¶¶ 3, 6). The disciplinary termination on August 1, 2005, arose from a third party's complaint against Plaintiff for breach of Regions' privacy policy as it relates to accessing bank accounts (Compl.,¶ 7) Plaintiff alleges, *inter alia*, that (a) "White employees have engaged in the same or more serious conduct than Plaintiff engaged in, and have not been disciplined" (¶ 9); and (b) that her "discharge was pretextual, as her bank branch was converted to a drive-thru branch shortly after her discharge [and] her race was a motivating factor in the ...decision to discharge her." (¶11).

Defendant's objections premised on overbreadth, unduly burdensome, and relevance have merit. Plaintiff's response – "agree[ing] to limit the identity and contact information ...to the employees of the Southeast Alabama region where Plaintiff worked" is unclear as Defendant's submission states that the Southeast Alabama region includes Montgomery, Clanton, Auburn, Troy, and Selma.  Accordingly, it is **ORDERED that Plaintiff's Motion to Compel is DENIED to the full extent of the requested interrogatory no. 5 and GRANTED only to the extent that Defendant shall identify – and provide the requested information for – any bank officers at branches in Montgomery against whom complaints were filed for conduct similar to that underlying Plaintiff's disciplinary termination.**

2. Interrogatory No. 6

   Identify all bank officers, who have, since January 1, 2000, been hired as a bank officer or promoted to a bank officer by Regions Bank in the Southeast Alabama region.  For each said person, provide their name, address, job classification or bank title, date of hire or promotion, and date of birth.

Defendant's objections [overbreadth, unduly burdensome, and relevance ] are sustained as well-taken, and accordingly, it is **ORDERED that Plaintiff's *Motion to Compel* is DENIED to the full extent of the requested interrogatory no. 6** and to the narrowed request for such information on "those individuals who have left Regions Bank since the year 2000, who made retail loans." (Pl.'s Resp.,Doc. 15)

3. Interrogatory No. 10

   Indicate how many employees were covered by and how much

>Regions Bank contributed in each of the listed years to the defined benefit pension plan for Alabama employees.

Plaintiff supports the relevance of this interrogatory by reference to her ERISA discrimination claim grounded on a contention "that Regions has engaged in a systematic reduction in its employees who are covered by the pension plan." Regions responds that the request is "over board, unduly burdensome [and irrelevant]." Additionally, Regions explains that "[t]here are no individual contributions made for any specific employee." (Doc.13 at 2). After reviewing the ERISA allegations of the Complaint (¶¶21- 26), **it is ORDERED that the Motion to Compel is GRANTED with respect to Interrogatory request no. 10 for the number of employees covered during the specified years but DENIED with respect to the money contributed by Regions for each year as such information is not relevant.**

4. Interrogatory No. 14

>Identify every person who has filed an EEOC charge or lawsuit alleging race or gender discrimination against this defendant since January 1, 2000, providing the name and address of the plaintiff; the name and address of counsel if represented; style of lawsuit and jurisdiction in which it was filed; and whether said charge or suit has been resolved or is still pending.

**It is ORDERED that Plaintiff's Motion to Compel is DENIED with respect to Interrogatory No. 14** pursuant to Defendant's meritorious objections [overbreadth, relevance, unduly burdensome] and its representation that "[n]one of the EEOC complaints or lawsuits . . .relate to the issues involved in the present litigation." (Doc. 14 at 3).

5. Interrogatory No. 18

>State the projected total of the amount of monthly pension benefits the Plaintiff Cresheva Davis would have received had she worked until the age of 65.

**It is ORDERED that Plaintiff's** *Motion to Compel* **is GRANTED with respect to Interrogatory No. 18 only to the extent of** Defendant's information, means, or other ability to make such a projection; the court duly notes its disavowal in this respect. (Doc. 14 at 3). In sole reliance

      6.     Interrogatory No. 20

> Identify by name, job title, date, all persons who accessed the account held by Thelma Renee McDaniel during the years 2003 and 2004, providing the date the account was accessed and the business reason for accessing the account.

**It is ORDERED that Plaintiff's** *Motion to Compel* **is DENIED with respect to Interrogatory No. 20** as overbroad given the undisputed allegation of Plaintiff's termination not for just accessing but for accessing improperly accounts; the information requested extends inappropriately to irrelevant and possibly confidential information..

**B.**    **Objections to DOCUMENT REQUEST NOS. 1,2,8,9,10,11,12,14 AND 15**

> *Request # 1.*   An organizational chart which lists all bank officers for the Southeast Alabama Regions Bank Branches as they existed on the following dates:
> a. January 1, 2002;  b. January 1, 2003;  c. January 1, 2004;  d. January 1, 2005

**For the good cause shown in Defendant's objections, it is ORDERED that Plaintiff's Motion to Compel this production is DENIED.**

> *Request # 2.*   The complete personnel file for each of the below named or described individuals:
>    a.    Cresheva Davis
>    b.    all branch sales managers who are no longer working with Regions Bank since January 1, 2000.
>    c.    all retail loan officers who have left Alabama Regions Bank since January 1, 2000.
>    d.    The personnel file of Thelma Renee McDaniel
>    e.    The personnel file of Judy Chumley
>    f.    The personnel file of all Alabama Regions Bank officers or employees who have been disciplined, reprimanded, suspended, or discharged for

      breach of any Regions' privacy policy or confidentiality policy since January 1, 2000.

  g. The personnel file of all Alabama Regions Bank officers or employees who have been disciplined for any similar misconduct alleged to have been engaged in by the Plaintiff Cresheva Davis since January 1, 2000.

**For the good cause shown in Defendant's objections, it is ORDERED that Plaintiff's Motion to Compel this production is DENIED except as to request nos. 2. Regarding request nos. 2f and 2g, the Motion to Compel is GRANTED, however, to the extent that Defendant shall provide** (a) copies of any correspondence which document disciplinary action, reprimands, suspensions, or discharges to Southeast Alabama Regions Bank officers or employees, for breach of any Regions' privacy policy or confidentiality policy since January 1, 2000, and (b) copies of any correspondence which document disciplinary action to Southeast Alabama Regions Bank officers or employees for any similar misconduct alleged to have been engaged in by the Plaintiff Cresheva Davis since January 1, 2000.

**For the good cause shown in Defendant's objections, it is ORDERED that Plaintiff's Motion to Compel each of the following requests for production is DENIED.**

  *Request # 8.* Personnel files of all bank officers, retail lenders and branch sales managers with Regions Bank in the Southeast Alabama Bank group who have left the employment of Regions Bank, voluntarily or involuntarily, since January 1, 2000.

  *Request # 9.* All documents which relate to loan production goals, net charge off goals, long term staffing goals, or profitability goals for the Southeast Alabama Regions Bank Branches for years 2000 to present.

  *Request # 10.* All documents which relate to the decision to close the Plaintiff's bank branch and make it into a drive-thru only branch.

| | |
|---|---|
| *Request # 11.* | All documents which relate to the financial performance of the Regions Bank branch where Cresheva Davis was employed as a branch sales manager for the years 2002, 2003 and 2004, and all branches in the Southeast Alabama Regions Bank Group. |
| *Request # 12.* | All documents which demonstrate every person who accessed the business account of Adam Goods or any account of Thelma Renee McDaniel during the calendar year 2004 and 2005. |
| Request # 14. | Bank statements for the business account of Adam Goods. |
| Request # 15. | Bank statements on all the Regions Bank accounts of Renee McDaniel for the time period of 1/01/05 - 8/01/05. |

For good cause shown, it is **ORDERED that Plaintiff's Motion to Compel production of Request#16 is GRANTED to the extent that** Defendant is DIRECTED to supplement its response (i.e., the supplying of requested complaints re the Plaintiff and Kari Ann Hermsen) if it has received from customers and employees additional complaints "alleging conduct which violated Regions' privacy policy, describing date, nature of complaint, complaining party, and action taken by Regions regarding said complaint.

DONE this 1st day of August, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE